**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-0729-WJM-MEH

WILLIAM MOSHER and
LYNN MOSHER,

     Plaintiffs,

v.

LONG BEACH MORTGAGE COMPANY, a Delaware corporation, and
DEUTSCHE BANK NATIONAL TRUST COMPANY, a Nevada corporation, as Trustee
for LONG BEACH MORTGAGE LOAN TRUST 2006-7,

     Defendants.

---

**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

---

     Plaintiffs William and Lynn Mosher (together "Plaintiffs") bring this action against

Defendants Long Beach Mortgage Company and Deutsche Bank National Trust

Company, as Trustee for Long Beach Mortgage Loan Trust 2006-7 (together

"Defendants"), arising out of mortgage documents on a property Plaintiffs own in

Fairplay, Colorado.  (Second Am. Compl. (ECF No. 32) pp. 2-3.)  Plaintiffs bring causes

of action for quiet title and unjust enrichment, and seek a determination of the rights of

all parties to the property.  (*Id*. at 4.)

     Before the Court are the following motions: (1) Plaintiffs' Motion for Summary

Judgment (ECF No. 57); and (2) Defendants' Motion for Summary Judgment (ECF No.

58).  For the reasons set forth below, Plaintiffs' Motion is denied and Defendants'

Motion is granted.

## I.  LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994).  Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or conversely, is so one-sided that one party must prevail as a matter of law.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party.  *Anderson*, 477 U.S. at 248.  The Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial.  *Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

## II.  FACTUAL BACKGROUND

The following facts are undisputed, except as specifically noted herein.

In 2006, Plaintiff William Mosher sought out a loan to consolidate debt on real property he owned with his mother, Marie Phillips, in Fairplay, Colorado (the "Property"). (ECF No. 57-18.)  William Mosher spoke with agents of Long Beach Mortgage Company to secure this loan.  (*Id*.)  William Mosher informed the loan officer that he wanted a loan in his name only, because his wife, Plaintiff Lynn Mosher, did not have adequate credit.  (*Id*.)

On June 30, 2006, Marie Phillips and William Mosher signed a title conveying the land to William and Lynn Mosher.  (ECF No. 57-3.)  William Mosher also signed a Note, Deed of Trust, and Adjustable Rate Rider for the loan transaction.  (W. Mosher Dep. (ECF No. 58-1) p. 37; ECF Nos. 57-4 & 57-5.)  These loan documents were witnessed by notary Linda Efird.  (ECF Nos. 57-3, 57-4 & 57-5.)

On July 7, 2006, at the request of Long Beach Mortgage Company's agents, Efird sought out Lynn Mosher and had her sign the Deed of Trust, in addition to her husband.  (ECF Nos. 57-9.)  William Mosher was not aware that his wife's name was on the Deed of Trust.  (ECF No. 57-18.)

Per the terms of the Note, Long Beach Mortgage gave William Mosher $502,000.00.  (W. Mosher Dep. at 36.)  William Mosher used the loan proceeds to pay off existing debt in the amount of $399,112.54.  (*Id*. at 50.)  This included credit card debt, a lien for back taxes from Plaintiffs' restaurant business, and two previous mortgages against the Property.  (*Id*. at 30, 48-50.)  After these expenses were paid, Plaintiffs had $81,016.98 remaining in loan proceeds, which they deposited into their own account and later spent.  (*Id*. at 52.)

In fall 2007, William Mosher attempted to refinance the loan.  (ECF No. 57-18.)  He was conditionally approved for refinancing, but ultimately denied because of debts owed by Lynn Mosher.  (ECF Nos. 57-12 & 57-13.)  William Mosher believes that he would have been able to refinance the loan if the Deed of Trust had been only in his name.  (ECF No. 57-18.)

Beginning in late 2009, William Mosher stopped making payments on the Note.  (W. Mosher Dep. at 54-55.)  Plaintiffs have made only four payments on the Note since

September of 2009.  (*Id.*)

Defendant Deutsche Bank is the trustee for Long Beach Mortgage Trust 2006-7, which was the holder of Plaintiffs' Note.  (ECF No. 40.)  Deutsche Bank instituted foreclosure proceedings under Colorado Rule of Civil Procedure 120 against the Property in September 2010.  (ECF No. 57-14.)  When preparing his response to the Rule 120 proceeding, William Mosher discovered that his wife had signed the Deed of Trust.  (ECF No. 57-20.)  The Rule 120 proceeding was dismissed for failure to prosecute in June 2011.  (ECF No. 57-17.)  Defendants have not attempted to re-file the Rule 120 foreclosure action.

On February 20, 2011, Plaintiffs filed this action in Park County District Court seeking to quiet title on the Property in their favor.  (ECF No. 1.)  Deutsche Bank was not originally named as a defendant in the case, but was added as a party in Plaintiffs' Amended Complaint, filed February 28, 2012.  (*Id.*)  Deutsche Bank removed the case to this Court on March 22, 2012.  (*Id.*)

## III.  ANALYSIS

Plaintiffs' Second Amended Complaint, which is the operative pleading in this case, brings two causes of action: (1) quiet title; and (2) unjust enrichment.  The parties have filed cross-Motions for Summary Judgment on both claims.  (ECF Nos. 57 & 58.)  The Court will discuss each in turn below.

### A.   Quiet Title

Plaintiffs bring a quiet title claim against Defendants, asking the Court to declare that Defendants have no legal interest in the Property, and that Plaintiff William Mosher is the owner in fee simple and entitled to possession of the Property.

In a quiet title action, the relief sought is clear title to the subject property by means of a complete adjudication of the rights of all parties to the action.  Colo. R. Civ. P. 105(a); *Hopkins v. Bd. of Cty. Comm'rs*, 564 P.2d 415, 420 (Colo. 1977).  Here, Plaintiffs ask the Court to quiet title to the Property in their favor, and to declare that Defendants have no interest in the Property or right to foreclose.  (Sec. Am. Compl. at 4.)

In support of this relief, Plaintiffs contend that the Court must consider all of the loan documents in this case (the Note, the Deed of Trust, and the Adjustable Rate Rider (collectively "Loan Documents")) together because they were all part of the same transaction.  (ECF No. 57 at 15.)  Defendants do not materially dispute this fact. Therefore, the Court will consider all of the Loan Documents in deciding the quiet title claim.

Plaintiffs argue that the loan agreements should be rescinded because there was no meeting of the minds, which precluded the formation of an agreement at the outset.  (ECF No. 57 at 17-19.)  Plaintiffs also argue that the loan documents are null and void because the transaction was the result of fraudulent inducement and/or negligent misrepresentation.  (*Id*. at 19-22.)  Although these arguments are raised separately, they both relate to whether Plaintiffs were sufficiently informed about the circumstances of the overall loan agreement so as to be able to have the requisite meeting of the minds to form a contract with Defendants.  *See Premier Farm Credit, PCA v. W-Cattle, LLC*, 155 P.3d 504, 525 (Colo. App. 2006) ("When one pleads that he or she entered into a contract as a result of the fraud of another, the plea goes to the fundamental issue in contract actions, whether there is an enforceable agreement. One who has been fraudulently induced to enter into a contract has not assented to the

agreement since the fraudulent conduct precludes the requisite mutual assent."); *Wall v. Foster Petroleum Corp.*, 791 P.2d 1148, 1150 (Colo. App. 1989) (noting that rescission may be an appropriate remedy for negligent misrepresentation because a material misrepresentation impacts whether there was a true agreement to contract). Moreover, the relief Plaintiffs seek for these arguments is the same, *i.e.*, a declaration that the Loan Documents have no legal effect and that Defendants have no legal interest in the Property.  Thus, the Court will consider Plaintiffs' arguments regarding fraudulent inducement and negligent misrepresentation as alternative bases for rescission of the loan agreement, rather than separate grounds for some different form of relief.

Under Colorado law, Plaintiffs may be entitled to rescission of a contract on the theory of fraudulent inducement/concealment if:  (1) Defendants concealed a past or present fact, failed to disclose a past or present fact that they had a duty to disclose, or made a false representation of a past or present fact; (2) the fact was material; (3) the Plaintiffs entered into the alleged contract relying on the assumption that the concealed or undisclosed fact did not exist or was different from what it actually was, or that the falsely stated fact was true; (4) the Plaintiffs' reliance was justified; and (5) the Plaintiffs have returned or offered to return to the Defendants anything the retention of which would unjustly enrich the Plaintiffs.  *Premier Farm*, 155 P.3d at 525 (citing *Stoner v. Marshall*, 145 Colo. 352, 355 (1961)).

The facts in this case support a finding in Plaintiffs' favor with respect to the first four factors.  William Mosher has stated that he sought a loan in his name only, and was assured that this was the type of loan he was receiving.  He has also stated that,

had he known that his wife would also be on the Deed of Trust, he would not have entered into the loan.  Based on William Mosher's testimony that he was the only person who signed documents at his closing, and the fact that his wife was not asked to sign the Deed of Trust until seven days later, Plaintiffs' belief that William Mosher was getting a loan solely in his name was justified.

However, Plaintiffs have utterly failed to satisfy the fifth requirement for rescission of a contract based on fraudulent inducement.  The record contains no indication that Plaintiffs have returned or even offered to return the $502,000.00 they received upon execution of the Note.  The record shows that Plaintiffs spent the $502,000.00 to pay off prior mortgages on the Property, pay Plaintiff's credit card bills, and for other expenses Plaintiffs incurred that were completely unrelated to the Property.  (W. Mosher Dep. at 52.)  Additionally, the loan proceeds gave William Mosher more than $80,000 in cash, which he deposited into a bank account and later spent.  (*Id*.)

Despite having received the benefit of the $502,000.00 over the nearly eight years since the Loan Documents were executed, Plaintiffs ask the Court to order rescission of the contract and quiet title in their favor without having to repay any portion of the money they obtained from the transaction.  On these facts, the relief Plaintiffs seek is patently inequitable, and goes against long-standing Colorado law which provides that a party seeking rescission must return the adverse party to the position in which he found himself prior to entering into the contract.  *See Smith v. Huber*, 666 P.2d 1122, 1124 (Colo. App. 1983).  Because there is no evidence that Plaintiffs can satisfy the fifth element for rescission based on fraudulent inducement, their Motion for

Summary Judgment is denied as to this ground.

Plaintiffs' failure to offer to repay the monies they received through the loan transaction is also relevant to their negligent misrepresentation claim.  Though a claim for negligent misrepresentation has different elements than fraudulent inducement, the relief Plaintiffs seek is the same—rescission of the Loan Documents.  Rescission is an equitable remedy that requires the Court to consider, not only the effect that rescission of the loan agreement would have on Plaintiffs, but also on Defendants, as the lender. *See Hull v. Bowest Corp.*, 693 P.2d 1181, 1185 (Colo. 1984) ("Since an action to rescind . . . is an equitable proceeding, a court should consider not only the violations by the creditor, but also the course of action taken by the debtor.").  In considering rescission, the Court is permitted to utilize its equitable powers to impose conditions on the right to rescind.  *See Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1144 (10th Cir. 2012); *Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1173 (9th Cir. 2003) (courts may impose equitable conditions at any time during the rescission process to ensure that a lender is repaid the monies loaned); *Am. Mortg. Network, Inc. v. Shelton*, 486 F.3d 815, 820 (4th Cir. 2007) ("when rescission is attempted under circumstances which would deprive the lender of its legal due, the attempted rescission will not be judicially enforced unless it is so conditioned that the lender will be assured of receiving its legal due").  Generally, the goal of a court sitting in equity is to restore the parties to the *status quo ante*.  *See Davis v. Colo. Kenworth Corp.*, 396 P.2d 958, 962 (Colo. 1964).

Thus, for the Court to actually consider ordering rescission of the loan agreement, based on fraudulent inducement, negligent misrepresentation, or any other

ground challenging formation of the contract, Plaintiffs would need to show some intention and ability to repay the $502,000.00 that they received upon execution of the Note, or at least a significant portion thereof.  The record is devoid of any evidence that Plaintiffs have contemplated repayment of the Note, or that such repayment is possible. Plaintiffs thus seek to keep over a half-million dollars of Defendant's money *and* retain all rights and title to the subject property.  It is difficult for the Court to imagine a result which would more usurp the interests of justice and equity.  Plaintiffs' failure to appreciate the equitable nature of the relief they seek dooms any claim for rescission. *See Hull*, 683 P.2d at 1186 (affirming district court's refusal to rescind contract because borrower could not repay amount loaned); *Davis*, 396 P.2d at 962 (borrowers "failure to do equity . . . defeated his right to rescission.").

With Plaintiffs' arguments for rescission of the Loan Documents resolved, the Court is left to determine the parties' legal rights with regard to the Property.  William Mosher has admitted that he signed all of the Loan Documents of his own free will. (W. Mosher Dep. at 35-7.)  Although Lynn Mosher does not remember signing the Deed of Trust, she has acknowledged that the signature thereon is hers.  (L. Mosher Dep. at 31-32.)  When signing the Loan Documents, William Mosher understood that, if he did not make timely payments on the Note, the lender could take the Property.  (W. Mosher Dep. at 56.)  Plaintiffs' only challenge to these documents relates to the manner in which Lynn Mosher's signature was obtained, and the Court has already found that any fraud or negligent misrepresentation does not entitle Plaintiffs to rescission, which is the only relief Plaintiffs seek.  Thus, the Court finds that there is no genuine dispute of material fact that precludes summary judgment in favor of Defendants on Plaintiffs'

quiet title claim.

**B.    Unjust Enrichment**

Plaintiffs also assert a cause of action for unjust enrichment, which "requires that (1) at plaintiff's expense (2) defendant received a benefit (3) under circumstances that would make it unjust for defendant to retain the benefit without paying." *Nicholls v. Zurich Am. Ins. Group*, 244 F. Supp. 2d 1144, 1165 (D. Colo. 2003); *Robinson v. Colo. State Lottery Div.*, 179 P.3d 998, 1007 (Colo. 2008).

Plaintiffs point to the fact that Defendants received the benefit of closing costs, fees, and interest paid on the Note, and contend that it would be unjust to permit Defendants to retain these monies given the circumstances surrounding the signing of the Loan Documents.  (ECF No. 57 at 23.)  Again, however, what is notably absent from Plaintiffs' discussion of the equities, is the fact that Plaintiffs also received a significant benefit when they executed the Loan Documents.  Plaintiffs admit that they received $502,000.00 upon execution of the Note, which they have since spent and have shown no intent whatsoever to repay.  The Note plainly obligates William Mosher to make regular payments on the monies loaned, which he has almost wholly failed to do since 2009.  Despite the lack of payments on the Note, Plaintiffs have retained possession of the Property and have lived in same mortgage-free for nearly five years.

In exchange for giving Plaintiffs $502,000.00, Defendants obtained a security interest in the Property.  Despite the circumstances surrounding the signing of the Loan Documents, the Court fails to see how allowing Defendants to retain their interest in the Property would be unjust in these circumstances.  In fact, if either party has unjustly retained an interest in the Property in this case, it is the Plaintiffs, based on the fact that

they have retained possession of the Property for over four years despite making only minimal payments on the Note.

Accordingly, the Court grants Defendants' Motion for Summary Judgment on Plaintiffs' unjust enrichment claim.

**C.    Plaintiffs' Other "Claims"**

Plaintiffs' Motion for Summary Judgment asks the Court to rule in its favor and award damages on free-standing tort claims of fraudulent concealment and negligent misrepresentation, as well as a claim under the Truth in Lending Act.  (ECF No. 57 at 20-25.)  However, Plaintiffs' Second Amended Complaint ("SAC"), which is the operative pleading in this case, brings only two claims: quiet title and unjust enrichment.  (Sec. Am. Compl. pp. 2-3.)  The SAC does not mention anything about claims for fraudulent inducement, negligent misrepresentation, or violation of the Truth in Lending Act.  In fact, the Truth in Lending Act does not appear in the SAC, nor does the phrase "negligent misrepresentation".  The only reference to fraudulent concealment or inducement is Plaintiffs' allegation that Defendants engaged in "fraudulent actions".  (*Id*. at 3.)

Moreover, in the prayer for relief, Plaintiffs seek a "complete adjudication of the rights of all parties to this action with respect to the subject Real Property", a "decree determining that the Defendants have no interest, estate or claim of any kind whatsoever in the subject Real Property, and that the defendants are forever barred and enjoined from asserting any claim or title to said Real Property", and a "decree quieting title of the subject Real Property in the name William Mosher and adjudging that the Plaintiff, William Mosher, is the owner in fee simple and entitled to possession

of the subject Property".  (*Id*. at 4.)  Therefore, based on the SAC, it is clear that the

Plaintiffs bring this action as one for declaratory and equitable relief, and not as one for

damages.  *See Keith v. Kinney*, 961 P.2d 516, 518-19 (Colo. App. 1997) ("An action

seeking to quiet title is an equitable action *in rem*, not an action at law for damages.").

The SAC was authored by an attorney and, therefore, is not entitled to any liberal

construction.  *See Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001).  Thus, the

Court finds that this case does not involve claims of fraudulent concealment, of

negligent misrepresentation, or under the Truth in Lending Act.  As such, Plaintiffs'

Motion for Summary Judgment on these claims is denied.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiffs' Motion for Summary Judgment (ECF No. 57) is DENIED;

2. Defendants' Motion for Summary Judgment (ECF No. 58) is GRANTED;

3. The Clerk shall enter judgment in favor of Defendants on all claims in this case; and

4. Defendants shall have their costs.


Dated this 27th day of January, 2014.

BY THE COURT:


William J. Martinez
United States District Judge